## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ANDRE MAURICE CARSTARPHEN, JR.,** *AIS # 00302920*, | ) ) ) |
| | ) |
| **Petitioner,** | ) ) |
| v. | ) **CIVIL ACTION NO. 1:23-00004-JB-N** |
| | ) |
| **VENCINI SMITH,** *Correctional Warden III, William E. Donaldson Correctional Facility*, | ) ) ) ) |
| | ) |
| **Respondent.** | ) |

## <u>ORDER</u>

Petitioner Andre Maurice Carstarphen, Jr., an Alabama prisoner proceeding without counsel (*pro se*), initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 dated December 3, 2022, challenging his confinement pursuant to criminal judgments handed down by the Circuit Court of Mobile County, Alabama. (Docs# 1, 2, 3). He has also paid the requisite $5 filing fee for this habeas corpus action. *See* (1/04/2023 docket notation); 28 U.S.C. § 1914(a). The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (1/5/2023 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition,

in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 4 of the Rules Governing Section 2254 Cases, a judge must examine a habeas petition as soon as practicable after its filing and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review under Rule 4, the undersigned concludes that it plainly appears Carstarphen is due no relief on his habeas petition because the claims are either procedurally defaulted or time-barred.

## I.    *Analysis*

### a.  **2021 Revocation Proceedings**

Carstarphen's present petition most clearly challenges his confinement under judgments of the Mobile County Circuit Court entered in June 2021 revoking his probation in Case Nos. CC-2013-2503.70 and CC-2014-3727.71. Those claims, however, are due to be dismissed as procedurally defaulted.

> "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *accord Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007) ("The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition."); 28 U.S.C § 2254(b)(1)(A). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011); *see also Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the

exhaustion of state remedies."). "The exhaustion requirement springs from principles of comity, which protect the state court's role in the enforcement of federal law and prevent disruption of state court proceedings." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). "Consistent with the purpose of the exhaustion rule, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.' " *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. 1728); *accord Ward*, 592 F.3d at 1156 ("[T]o exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). In the context of a habeas proceeding in the Alabama state courts, one complete round of Alabama's established appellate review process means that the claim must be presented on appeal to the Alabama Court of Criminal Appeals and on petition for discretionary review to the Alabama Supreme Court. *See Pruitt*, 348 F.3d at 1359.

*Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1216–17 (11th Cir. 2022),

*cert. denied*, 143 S. Ct. 1785 (2023).

Carstarphen appealed his revocation judgments to the Alabama Court of Criminal Appeals, which affirmed them in an unpublished memorandum decision issued February 4, 2022. *See Carstarphen v. State*, 373 So. 3d 240 (Table) (Ala. Crim. App. 2022); (attached Exhibit 1).[1] Thereafter, Carstarphen was required to

---

[1] All exhibits attached hereto have been obtained from the publicly-available dockets of Carstarphen's two relevant state court criminal cases, Mobile County Circuit Court Case Nos. CC-2013-2503.70 and CC-2014-3727, accessed through Alabama's online court docket access portal, Alacourt.com. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("It recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." (citation and quotations omitted)); *Paez v. Sec'y,*

3

file an application for rehearing with the Court of Criminal Appeals as "a prerequisite to review by certiorari in the Supreme Court…" Ala. R. App. P. 39(c)(1), 40(d)(1). However, the Court of Criminal Appeals issued its Certificate of Judgment on February 23, 2022 (*see* attached Exhibit 2)—19 days after the issuance of its affirmance memorandum indicating that Carstarphen did not timely file an application for rehearing. *See* Ala. R. App. P. 41(a)(1) ("The certificate of judgment of the court shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order…In the courts of appeals, the timely filing of an application for rehearing will stay the issuance of the certificate of judgment until disposition of the application unless otherwise ordered by the court. If the application is denied, the certificate of judgment shall issue 18 days after entry of the order denying the application unless the time is shortened or enlarged by order.").[2] Therefore, Carstarphen did not exhaust any of his habeas claims on direct appeal.

Thus, Carstarphen's only other avenue to exhaust his claims in state court was through a petition for collateral review of his revocation judgments under Alabama Rule of Criminal Procedure 32. *See* Ala. R. Crim. P. 32.4 ("A proceeding

---

*Fla. Dep't of Corr.*, 947 F.3d 649, 651-53 (11th Cir. 2020) (per curiam) ("State court records of an inmate's postconviction proceedings" may be judicially noticed in federal habeas case, so long as parties have opportunity to be heard on the propriety of such notice).

[2] Carstarphen admits in his petition that he did not seek further direct appellate review following the Court of Criminal Appeals's February 4, 2020 affirmance, and a review of the docket of his revocation cases through Alacourt.com does not reveal any further decisions by Alabama's courts of appeal after the Court of Criminal Appeals's Certificate of Judgment.

under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."). Alabama Rule 32.1 sets forth the grounds on which a state defendant may seek relief under Alabama Rule 32, including, relevant here, that "[t]he constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief." Ala. R. Crim. P. 32.1(a).[3] Alabama Rule 32.2(c) sets a 1-year limitations period for filing petitions under Rule 32.1(a). Where, as here, a conviction is "appealed to the Court of Criminal Appeals," a Rule 32.1(a) petition must be "filed…within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P." Ala. R. Crim. P. 32.2(c). Thus, Carstarphen had until on or about Thursday, February 23, 2023, in which to file a Rule 32.1(a) petition challenging his revocation judgments. A review of the docket of his cases through Alacourt.com, however, reveals that Carstarphen has yet to file any such petition in state court. (*See* attached Exhibits 3 – 6).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar

---

[3] Alabama Rule 32.1(a) is the only ground relevant here because federal habeas relief is available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As the United States Supreme Court has "repeatedly held that ' "federal habeas corpus relief does not lie for errors of state law." ' " *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) (per curiam) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990))).

federal habeas relief…" *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). *Accord Henderson v. Campbell*, 353 F.3d 880, 898–99 (11th Cir. 2003) ("A claim is procedurally defaulted for the purposes of federal habeas review where 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' " (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991))). Here, since approximately February 24, 2023, Carstarphen has been precluded from bringing an Alabama Rule 32.1(a) petition challenging his revocation judgments under Alabama Rule 32.2(c)'s 1-year statute of limitations for such petitions, which has been recognized as a "firmly established and consistently applied procedural ground[]" precluding further exhaustion efforts and rendering habeas claims procedurally defaulted. *Henderson*, 353 F.3d at 899. *Accord Hurth v. Mitchem*, 400 F.3d 857, 864 (11th Cir. 2005) ("The sole basis that Hurth has put forward to support his contention that Alabama's Rule 32.2(c) was not firmly established and regularly followed is that, at the time he failed to comply with it, that rule was not jurisdictional in nature. Having rejected Hurth's proposition that the violation of a rule must actually divest the state courts of jurisdiction to decide a claim before the rule will be respected in federal habeas proceedings, we reject his contention that his failure to comply with Rule 32.2(c) did not procedurally bar his ineffective assistance claim. It did.").[4] Because he did not exhaust his habeas claims related to

---

[4] Moreover, the pendency of Carstarphen's federal habeas proceedings did not serve

his probation revocations on direct appeal, and because he is now precluded from exhausting them via an Alabama Rule 32 petition, Carstarphen's claims are procedurally barred, and thus due to be dismissed under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[5]

### b. 2016 Underlying Convictions

Liberally construing Carstarphen's *pro se* filings, some of them suggest he is also challenging the convictions underlying his 2021 revocations, found in Mobile

---

to toll the state statute of limitations for filing his Alabama Rule 32 petition. *See Kuenzel v. State*, 204 So. 3d 910, 917 (Ala. Crim. App. 2015) (holding that an Alabama Rule 32 petitioner was not entitled to equitable tolling of the 1-year statute of limitations because his "pending federal habeas petition was not an extraordinary circumstance that prevented him from [timely] filing a Rule 32 petition").

[5] It is also worth noting that, in his direct appeal to the Court of Criminal Appeals, Carstarphen appears to have raised only one issue: that the circuit court impermissibly relied primarily on hearsay evidence to revoke his probation. Carstarphen's present habeas petition raises that issue only tangentially, along with a number of other claims. Accordingly, those other claims Carstarphen raises in the present petition are also unexhausted and procedurally barred because they were not "fairly presented" in Carstarphen's state court proceedings. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) ("In order to be exhausted, a federal claim must be fairly presented to the state courts. It is not sufficient merely that the federal habeas petitioner has been through the state courts nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." (citations and quotations omitted)).

County Circuit Court Case Nos. CC-2013-2503.00 and CC-2014-3727.00. To the extent he is, those claims are due to be dismissed as time-barred.

Because Carstarphen's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012). Among other things, AEDPA imposes the following time limit for bringing § 2254 habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). *See also* Rule 3(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The time for filing a petition is governed by 28 U.S.C. § 2244(d)."). To the extent Carstarphen's  petition challenges the underlying convictions for which his probation was revoked in 2021, nothing in the

8

record supports running his one-year limitations period from any of the dates in § 2244(d)(1)(B) – (D). Thus, Carstarphen had "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Fla. Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

The dockets of Case Nos. CC-2013-2503.00 and CC-2014-3727.00 (*see* attached Exhibits 3 and 5) indicate that Carstarphen was sentenced in the CC-2013 case for the underlying convictions on January 28, 2016, and in the CC-2014 case on April 21, 2016. Absent the timely filing of "a motion in arrest of judgment, motion for a new trial, or motion for judgment of acquittal[,]" Carstarphen had 42 days from pronouncement of sentence in each case to file a notice of appeal in that case. Ala. R. App. P. 4(b)(1). The dockets of those cases do not show that a direct appeal of the underlying convictions was ever taken in either case, nor was any post-judgment motion tolling the time to appeal filed. Therefore, Carstarphen's 1-year AEDPA limitation period for his CC-2013 and CC-2014 cases began running, respectively, on Friday, March 11, 2016, and Friday, June 10, 2016, the days after Carstarphen's 42-day window to appeal in each of his cases expired. *See id.*; *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in ... any statute that does not specify a method of computing time ... [we must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a

Saturday, Sunday, or legal holiday." (applying Federal Rule 6(a)(1) to AEDPA's one-year limitation period)).

AEDPA's "limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")). Carstarphen thus had until Monday, March 13, 2017, and Monday, June 12, 2017, in which to file either a federal habeas petition, or a state tolling application under § 2244(d)(2), challenging his 2016 judgments. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that the Eleventh Circuit "has suggested that the limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run"); Fed. R. Civ. P. 6(a)(1)(C).

"[A] Rule 32 petition is a tolling motion under § 2244(d)(2)…" *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). A review of the dockets of Case Nos. CC-2013-2503.00 and CC-2014-3727.00 indicates that Carstarphen submitted various correspondence and at least one motion—construed by the state circuit court as a motion for credit for time spent awaiting trial—during the limitations period for each case, but nothing that the circuit court construed as an Alabama Rule 32 petition. But even if any of those filings within the limitations periods could

10

liberally be construed as a Rule 32 petition, it did not serve to toll his AEDPA limitations period because it was not "properly" filed for purposes of § 2244(d)(2).

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). These include rules prescribing, "for example, the form of the document…and the requisite filing fee." *Id.* It does not matter whether a state filing condition is jurisdictional, an affirmative defense that can be waived or subject to equitable exceptions, or "something in between"—a state application must comply with the condition in order to be considered "properly filed" so as to toll the AEPDA limitations period. *Allen v. Siebert*, 552 U.S. 3, 6, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (per curiam).

Alabama Rule of Criminal Procedure 32.6(a) requires, among other things, that a Rule 32 petition "be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis. If the petitioner desires to prosecute the petition in forma pauperis, he or she shall file the 'In Forma Pauperis Declaration' at the end of the form[,] accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined, stating the amount of money or securities on deposit to the petitioner's credit in any account in the institution for the previous twelve (12) months, which certificate may be considered by the court in acting upon the petitioner's application for leave to proceed in forma pauperis."

>Alabama courts have unequivocally required that one of [Rule 32.6(a)'s] formalities, either the payment of the filing fee or the filing of an *in forma pauperis* motion, be completed in order for a Rule 32 petition to be considered properly filed. *See, e.g., Ex Parte Carter,* 807 So. 2d 534, 536–37 (Ala. 2001) (holding that where neither a filing fee nor a motion to proceed *in forma pauperis* were filed with a Rule 32 petition, the Alabama circuit court lacked jurisdiction to consider the petition precisely because the petitioner had omitted them); *Hyde v. Alabama,* 950 So. 2d 344, 353 (Ala. Crim. App. 2006) ("A Rule 32 petition is deemed filed for purposes of the limitations period the date the petition, accompanied by a request to proceed in forma pauperis, is submitted to the circuit court, not the date the circuit court grants the request to proceed in forma pauperis."); *Clemons v. State,* 55 So. 3d 314, 333–37 (Ala. Crim. App. 2003) ("[I]n this case, the petition that counsel attempted to file on December 27, 1999, was not accompanied by a filing fee or a request to proceed *in forma pauperis.* Therefore, the petition was not properly filed at that time, as contemplated by Rule 32.6(a), Ala. R. Crim. Pro."), *rev'd on other grounds, Ex parte Clemons,* 55 So. 3d 348 (Ala.2007), *overruled in part by Hyde,* 950 So. 2d at 353.

*Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1270–71 (11th Cir. 2012) (per curiam) (holding that Alabama prisoner's federal habeas petition was time-barred under AEDPA because while his initial state Rule 32 petition was filed within the 1-year limitations period, was not "properly filed" because it was submitted "without the filing fee or a motion to proceed *in forma pauperis*[,]" and therefore did not toll the limitations period). *Accord Ex Parte Mays*, 317 So. 3d 1032, 1036 (Ala. Crim. App. 2020) ("[C]ircuit courts do not obtain subject-matter jurisdiction over a Rule 32 petition 'without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pauperis.' " (quoting *Ex parte McWilliams*, 812 So. 2d 318, 321-22 (Ala. 2001)).

Because none of Carstarphen's motions filed within the limitations period was accompanied by a filing fee or an "In Forma Pauperis Declaration," none of them can be construed as a "properly filed' tolling motion under § 2244(d)(2). *See Smith*, 703 F.3d at 1270–71 (in affirming dismissal of Alabama prisoner's federal habeas petition as time-barred under AEDPA, holding that his initial Rule 32 petition, while filed within the 1-year limitation period, was not "properly filed" so as to toll the limitation period because it was submitted "without the filing fee or a motion to proceed *in forma pauperis*"). Thus, to the extent Carstarphen's present habeas petition seeks to challenge his 2016 underlying criminal judgments, it is untimely.

### c.    *Paez* Procedure

In *Paez v. Secretary, Florida Department of Corrections*, 947 F.3d 649, 653-55 (11th Cir. 2020) (per curiam), the Eleventh Circuit Court of Appeals held that a district court can *sua sponte* dismiss a § 2254 habeas petition under Rule 4 of the Rules Governing Section 2254 Cases as time-barred under 28 U.S.C. § 2244(d), so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" 947 F.3d at 653, and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense." *Id.* at 655.

Like the 1-year statute of limitations for bringing § 2254 petitions, procedural default is a non-jurisdictional defense that the respondent can choose to waive. *Compare Green v. United States*, 735 F. App'x 687, 688 (11th Cir. 2018) (per curiam)

(unpublished) ("The time limitation for filing a § 2255 motion is not jurisdictional and can be waived.") *with Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013) ("[T]he procedural-default rule is not jurisdictional, but is an affirmative defense that is subject to waiver by the government."), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). Based on the reasoning in *Paez*, the undersigned concludes that the Court can also dismiss claims *sua sponte* under Rule 4 of the Rules Governing Section 2254 Cases as procedurally defaulted, so long as both the petitioner and the respondent are given notice and a chance to respond. *See also Wright v. Williams*, 257 F. App'x 240, 241 (11th Cir. 2007) (per curiam) (unpublished) (affirming district court's sua sponte dismissal of habeas petition under Rule 4 of the Rules Governing Section 2254 Cases as procedurally barred for failure to first present habeas claim in state court).

As will be explained at the end of this Report and Recommendation, Carstarphen will have an opportunity to submit objections to this document before the Court decides whether to adopt it, and thus may be heard on the issue of whether dismissal under Rule 4 for the reasons stated above is proper.

### d.    Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate

14

of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will

succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Carstarphen should be **DENIED** a certificate of appealability in connection with the dismissal of this habeas action. The undersigned finds that Carstarphen has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate whether the foregoing procedural reasons for dismissal are correct.[6]

## II.    Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Carstarphen's petition for a writ of habeas corpus under 28 U.S.C. § 2254 dated December 3, 2022 (Docs# 1, 2, 3), be **DISMISSED with prejudice** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that the Court **DENY** Carstarphen a Certificate of Appealability in

---

[6]    Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

connection with this dismissal, and that such final judgment thereafter be set out by separate document in accordance with Federal Rule of Civil Procedure 58.[7]

Because he is proceeding *pro se*, Carstarphen is given notice that

[a] procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.*[8] In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).

---

[7] *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

[8]

Ineffective assistance during a stage where the petitioner had a right to counsel is a valid excuse for failing to follow a state procedural rule. *Coleman v. Thompson,* 501 U.S. 722, 753–54, 111 S. Ct. 2546, 2566–67, 115 L. Ed. 2d 640 (1991). On the other hand, at stages where the petitioner had no right to counsel, "it is the petitioner who must bear the burden of a failure to follow state procedural rules." *Id.* at 754, 111 S. Ct. at 2567. Because a petitioner has no right to counsel during state collateral review, even grossly ineffective assistance at the collateral review stage, or no assistance at all, does not constitute cause to excuse a procedural default. *See In re Magwood,* 113 F.3d 1544, 1551 (11th Cir. 1997).

*Mize v. Hall*, 532 F.3d 1184, 1191 (11th Cir. 2008).

> Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). As the Supreme Court has recognized, "the *Schlup* standard is 'demanding' and seldom met…" *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (citing *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

> In establishing an actual innocence exception to procedural default, the Supreme Court explained that "new evidence" of actual innocence includes "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328 (quoting Henry J. Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). The Court also observed that "[t]o be credible" an innocence claim must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. When the Court extended this "actual innocence" exception to the statute of limitations, it likewise referenced "new evidence." *McQuiggin*, 569 U.S. at 386.

*Stimpson v. Warden*, No. 22-10190, 2025 WL 484049, at *3 (11th Cir. Feb. 13, 2025) (unpublished). Importantly, in evaluating an "actual innocence" claim, "[w]e ask whether the evidence demonstrates 'factual innocence, not mere legal insufficiency.' " *Id.* at *4 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

Carstarphen is also given notice that certain equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

> The Supreme Court [has ]affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin*[ *v. Perkins*], the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup*[ *v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

19

> (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in
> *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly
> extraordinary, while still provide petitioner a meaningful avenue by
> which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867
> (internal quotation marks and citation omitted). The petitioner must
> prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by
> producing "new reliable evidence ... not presented at trial," *id.* at 324,
> 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to
> undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at
> 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per

curiam) (unpublished).

To the extent Carstarphen wishes to raise any of the above equitable

exceptions to excuse procedural default or untimeliness, he must do so in his

objections to this Report and Recommendation, *see infra.*

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything

in it must, within 14 days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b)

of the Rules Governing Section 2254 Cases in the United States District Courts;

S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit

Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the

district court's order based on unobjected-to factual and legal conclusions if the

party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

## NOTICE TO *PRO SE* PETITIONER

In light of his *pro se* status, the petitioner is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and

telephone number."[9] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). *See also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

---

[9] The plaintiff/petitioner must <u>handwrite</u> his signature in order to satisfy Rule 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

Under the Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

**DONE** and **ORDERED** this the **6th** day of **February 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**